# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAGENT,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD PIERCE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01842-LJO-SMS PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.    Screening Order

　　A.    Screening Requirement

Plaintiff John Bagent ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2006.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

   B.  Plaintiff's Claims

During the span of events at issue in this action, plaintiff was initially awaiting civil commitment proceedings and then was a convicted civil detainee. "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones . . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

Plaintiff alleges that he was housed at the Fresno County Jail in punitive conditions, and that following his civil commitment conviction, he was transported from the jail to Coalinga State Hospital in a manner which violated his constitutional rights. Plaintiff names former Sheriff Richard Pierce, then-Assistant Sheriff Margaret Mimms, Lieutenant Gary Johnson, and Transcor America, LLC as defendants. Plaintiff is seeking monetary damages and equitable relief.

///

///

1. <u>Defendants Pierce, Mimms, and Johnson</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "'To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" <u>Hydrick v. Hunter</u>, 466 F.3d 676, 689 (9th Cir. 2006) (quoting <u>Woods v. Ostrander</u>, 879 F.2d 583, 587 (9th Cir. 1989)).

"'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Id</u>. (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

There is no <u>respondeat superior</u> under section 1983. <u>Id</u>. However, a supervisor may be held liable for the constitutional violations of subordinates if he or she personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). In this instance, plaintiff alleges that then-Sheriff Pierce allowed or delegated power to his subordinates to violate state law and house plaintiff in punitive conditions, and then-Assistant Sheriff Mimms supported the unlawful conduct by allowing plaintiff to be housed in a punitive manner. (Doc. 1, pg. 3.) Plaintiff alleges that Lt. Johnson refused to ensure that plaintiff's health, welfare, safety, and security were provided for. (<u>Id</u>.)

Plaintiff's allegations fall short of stating a claim against defendants Pierce, Mimms, and Johnson. Plaintiff's bare allegations support, at most, a claim based on supervisory liability, which is not permissible. Although the federal system is one of notice pleading, plaintiff must allege some facts that would support a claim that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen at 646. Plaintiff has not done so and therefore fails to state a claim. The court will provide plaintiff with the opportunity to more specifically allege the bases for defendants' liability. Plaintiff need not set forth lengthy allegations but must simply identify more precisely the basis for the imposition of liability, as set forth herein.

### 2. Defendant Transcor America, LLC

Plaintiff is seeking to impose liability on defendant Transcor America, LLC for failing to provide for his health, welfare, safety, and security during transport to Coalinga State Hospital, and for failing protect him by segregating him during the transport. If plaintiff is attempting to impose liability on Transcor itself rather than the individual officers responsible for his transport, plaintiff must allege some facts linking Transcor to the violation complained of (e.g., a policy or practice, etc.) As it stands, plaintiff's allegations do not support a claim against Transcor for the conditions complained of arising out of the transport.

### C. Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 because plaintiff has not sufficiently linked the defendants he is suing to the conditions complained of. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

4

1  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
2  743 (9th Cir. 1978).
3       Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
4  complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint
5  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
6  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
7  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
8  of each defendant must be sufficiently alleged.
9       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   April 26, 2007**              /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE