# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAGENT, | CASE NO. 1:06-cv-01842-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT BE DENIED, AND (2) PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)(ii), PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIM BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| v. | |
| RICHARD PIERCE, et al., | |
| Defendants. | |
| | (Doc. 22) |
| | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff John Bagent ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed May 15, 2007, against Defendants Mimms, Johnson, and Transcor America, LLC. On June 9, 2008, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendants Mimms and Johnson ("Defendants") filed a motion to dismiss for failure to state a claim or in the alternative for a more definite statement.[1]  Plaintiff filed an opposition on July 23, 2008, and Defendants filed a reply on August 4, 2008.

///

---

[1] Defendant Transcor America, LLC is represented by separate counsel and filed an answer on August 21, 2008.

1

**I.    Defendants' Motion to Dismiss for Failure to State a Claim**

    **A.    Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court's role in reviewing the complaint for sufficiency is limited, Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

    **B.    Failure to Plead Federal Claims**

Defendants first argue that Plaintiff's claims against them arise under California law and are therefore not cognizable under section 1983. While Defendants are correct that the violation of California statutes provides no basis for the imposition of liability under section 1983, Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), Plaintiff clearly alleges claims against Defendants arising from the violation of the Due Process Clause of the United States Constitution. Under section C, entitled "Jurisdiction," Plaintiff specifically alleges violation of the Due Process Clause of the Fourteenth Amendment against both Defendant Mimms and Defendant Johnson. (Doc. 9, Amend. Comp., p. 3.) Section D, entitled "Claims," states, "The following civil right has been violated: United States Constitutional Amendment - 14 (Procedural and Substantive Due Process)."

(Id., p. 5.) Plaintiff then goes on to set forth the supporting facts. Although Plaintiff references numerous California statutes, the Court interprets those references not as *the* bases for Plaintiff's legal claims but as sources delineating the conditions Plaintiff believes he was entitled to as civil detainee.

In light of Plaintiff's direct allegations of federal due process violations, the Court finds no support for Defendants' argument that Plaintiff has pled only state law statutory violations, and the Court recommends denial of the motion to dismiss on that ground. To the extent that Plaintiff believes he has pled additional claims under state law, the issuance of these findings and recommendations serves as notice that the Court does not interpret the complaint to raise any such claims.

### C. Failure to Link Defendants to Constitutional Violation

Defendants next argue that Plaintiff fails to allege any facts supporting a claim that either Defendant personally participated in the deprivation of his rights, and that at most, Plaintiff alleges claims based on supervisory liability, which is not permissible under section 1983.

For claims brought pursuant to section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick, 500 F.3d at 987. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Id. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). The creation of policies or procedures that led

to the violation complained of, and the willful blindness to violations committed by subordinates are both viable theories of liability under section 1983. Id. While Plaintiff will ultimately be required to show how Defendants violated his constitutional rights, he need not specifically delineate at the pleading stage how they contributed to the violation. Id.

Defendant Mimms was the Assistant Sheriff at the time of the events in question and Defendant Johnson was a Lieutenant. While Plaintiff's amended complaint is unnecessarily verbose with respect to legal argument and somewhat sparse with respect to alleging specifics on policies and programs, Plaintiff clearly alleges that Defendant Mimms' failure or refusal to provide programs or services resulted in Plaintiff being subjected to conditions that were equally restrictive or more restrictive than conditions criminal pretrial detainees or those criminally convicted were subjected to. Because "civilly detained persons must be afforded 'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish,'" id. at 989 (quoting Youngberg v. Romeo, 457 U.S. 307, 322 (1982)), Plaintiff's allegations support a claim that Defendant Mimms' failure to provide appropriate services or programs for civil detainees caused Plaintiff to be deprived of the more considerate treatment and conditions he was entitled to under federal law. Plaintiff also alleges that Defendant *knew* he was subjected to conditions that were not the least restrictive. At this stage, nothing further is required of Plaintiff. Id. at 988.

Plaintiff alleges that Defendant Johnson housed him in disciplinary segregation without access to programs, services, or privileges, and that Defendant Johnson was required to classify him based on his civil detainee status, which entitled him to the least restrictive placement. Defendant Johnson allegedly placed Plaintiff in isolation initially, and then into "Male Segregation," which resulted in a type of lock-down status. (Amend. Comp., p. 3.) The evidence may end up showing that Defendant Johnson had no personal involvement in Plaintiff's classification or housing status, but at the pleading stage, Plaintiff's allegations that Defendant Johnson was personally involved in classifying Plaintiff and that the classification was not consistent with Plaintiff's status as a civil detainee must be accepted. The Court recommends that Defendants' motion to dismiss on the ground that Plaintiff has not sufficiently linked them to the constitutional violations complained of be denied.

4

**D.     Failure to State a Claim for Violation of the Due Process Clause**

Defendants argue that Plaintiff has not stated a claim for violation of the substantive or procedural component of the Due Process Clause. The Due Process Clause protects against the deprivation of life, liberty, or property, and in order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of an interest at stake entitling him procedural protections. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The touchstone of due process is protection of the individual against arbitrary government action, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (citations and quotation marks omitted).

Turning first to substantive due process, Defendants contend that their actions cannot be characterized as arbitrary or conscience shocking. The substantive component of the Due Process Clause of the Fourteenth Amendment protects civil detainees from unconstitutional conditions of confinement, Hydrick at 996-98; Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004), and civil detainees may *not* be subjected to conditions that amount to punishment, within the bounds of professional discretion, and the conditions and duration of confinement must bear some reasonable relation to the purpose for the commitment, Hydrick at 997 (internal citations and quotation marks omitted). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones . . . ." Jones at 932 (citations omitted). Treatment is *presumptively punitive* when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33. Assuming that a civil detainee is subjected to the same conditions or more restrictive conditions than criminal detainees or inmates, the defendants bear the burden of demonstrating what legitimate, non-punitive purpose justified the conditions. Id. at 934.

In this instance, Plaintiff has alleged the conditions he was confined under at the jail were equally restrictive or even more restrictive than the conditions his criminal counterparts were

subjected to. As such, the treatment was presumptively punitive. The length of time that Plaintiff was subjected to the conditions may factor into whether his rights were violated under federal law, but at the pleading stage, the Court cannot find that as a matter of law, Plaintiff's due process rights were not violated by his placement under allegedly restrictive conditions simply because he only endured the conditions for one month, as Defendants suggest. The Court finds Plaintiff's allegations are sufficient to state a claim for unconstitutional conditions of confinement in violation of the substantive component of Due Process Clause and recommends denial of Defendants' motion.

Plaintiff also alleges a procedural due process claim. Defendants argue that they are entitled to dismissal of this claim because "Plaintiff has failed to prove that the conditions of his confinement during this period were identical to, similar to, or more restrictive than his criminal counterpart[s] . . . ." (Doc. 22-2, Motion, 8:25-27.)

The Court finds that Plaintiff has not adequately alleged a procedural due process claim but on different grounds than those argued by Defendants. To state a procedural due process claim Plaintiff must allege the deprivation of a protected liberty or property interest without fair process. E.g., Wilkinson, 545 U.S. at 221, 224; Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976). Plaintiff has neither identified the existence of a protected interest at stake, nor alleged the deprivation of that interest by either Defendant without fair process. For that reason, Plaintiff fails to state a claim. Because Defendants did not make that argument, the Court invokes its screening authority under 28 U.S.C. § 1915(e)(2)(B)(ii) to recommend dismissal of the procedural due process claim.

Plaintiff was not previously notified of the deficiencies in this claim and given leave to amend, and therefore, Plaintiff must be provided with the opportunity to file a second amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff should only amend if he believes in good faith that Defendant Mimms and/or Defendant Johnson deprived him of a protected liberty or property interest without the procedural protections he was due under federal law. Following the issuance of the district court's order addressing these findings and recommendations, if Plaintiff concludes that he does not have a viable claim for denial of procedural due process, Plaintiff should notify the Court that he is not going to file a second amended complaint. Defendants will then be directed to file an answer.

E.  **Declaratory Relief Claim**

Finally, in addition to money damages, Plaintiff seeks a declaration of his legal rights when in the custody of Defendants, and a declaration of the minimum rights due under the Lanterman-Petris-Short Act. Defendants move for dismissal of this claim on the ground that Plaintiff has not established the existence of an actual controversy given that he is no longer housed at the Fresno County Jail.

"'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). The Court must look to changing circumstances that arise after the complaint is filed, and if a "live" controversy no longer exists, the claim is moot. American Civil Liberties Union of Nevada v. Lomax, 471 F.3d 1010, 1016 (9th Cir. 2008) (citations and quotation marks omitted). However, when the challenged action is too short in duration to allow full litigation before it ceases, and there is a reasonable expectation that the plaintiff will again be subject to the same action, the "capable of repetition yet evading review" exception to the mootness doctrine applies. Id. at 1017 (citations and quotation marks omitted).

On August 11, 2006, Plaintiff was ordered transferred to the Fresno County Jail from Coalinga State Hospital for commitment proceedings, and the events at issue in this action arose following that transfer. (Amend. Comp., Ex. A.) Following trial, Plaintiff was committed for a period of two years, commencing on September 5, 2006, and expiring on September 5, 2008. (Id., Ex. Q.) Defendants' motion to dismiss does not address the possibility that Plaintiff may be returned to the jail and housed under similar circumstances approximately every two years indefinitely. At the pleading stage and on the motion before it, the Court cannot find that Defendants are entitled to dismissal of the declaratory relief claim, and the Court recommends denial of the motion to dismiss.

///

## II. Motion for a More Definite Statement

In the alternative to dismissal, Defendants seek a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), which allows parties to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement "attacks the unintelligibility of the complaint, not simply the mere lack of detail." Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005); see Woods v. Reno Commodities, Inc., 600 F.Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F.Supp. 1364, 1385 (N.D. Cal. 1980). "A court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." Neveu, 392 F.Supp.2d at 1169 (citing Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D.Cal.1996)). A Rule 12(e) motion is proper only where the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D.Cal.1999) (internal quotations and citation omitted).

Defendants seek a more definite statement as to the time frames Plaintiff was a post-conviction criminal detainee and a pre-adjudication civil detainee. This information is relevant in determining what conditions Plaintiff was entitled to during the time he was at the jail. Jones at 932-33. Based on Plaintiff's exhibits, he was transferred from Coalinga State Hospital to the jail for commitment proceedings, which suggests that at the time, he was either a pre-adjudication civil detainee or a civil detainee, depending upon whether his prior commitment had expired or not, and that he was not a criminal detainee. (Amend. Comp., Ex. A.) Regardless, a motion for a more definite statement is *not* a substitute for discovery and the Court can envision no reason why this information sought by Defendants will not be readily ascertainable through discovery. Harvey v. City of Oakland, No. C07-01681 MJJ, 2007 WL 3035529, *8 (N.D. Cal. Oct. 16, 2007); Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981). Therefore, the Court recommends denial of the motion for a more definite statement.

///

///

### III. Conclusion and Recommendation

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. Defendants Mimms and Johnson's motion to dismiss for failure to state a claim and motion for a more definite statement, filed June 5, 2008, be DENIED; and

2. Pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's procedural due process claim be dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 5, 2008**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE