# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BAGENT,<br><br>        Plaintiff,<br><br>    v.<br><br>MIMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01842-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MIMS AND JOHNSON BE GRANTED BASED ON QUALIFIED IMMUNITY<br><br>(Doc. 54)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS and RECOMMENDATIONS**

**I.  Procedural History**

Plaintiff John Bagent ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 30, 2007. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it states cognizable claims against Defendants Mims, Johnson, and Transcor America, LLC. Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Alvarez v. Hill*, 518 F.3d 1152, 1157-58 (9th Cir. 2008). On February 5, 2010, Defendants Mims and Johnson filed a motion for summary judgment. (Doc. 54.) Plaintiff filed a motion for a sixty day extension of time to file an opposition to Defendants' motion for summary judgment because of his limited resources which was granted. (Docs. 58 and 60.) Plaintiff filed his opposition on

///

March 23, 2010.[1] (Doc. 71.) The motion is deemed submitted.

For the reasons discussed herein below, Defendants Mims and Johnson are entitled to qualified immunity on Plaintiff's claim(s) such that their motion for summary judgment should be granted.

**II.   Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id*. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id*. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing

---

[1] Plaintiff was provided with the requirements to oppose a motion for summary judgment on June 18, 2008. (Doc. 25.) Despite this, Plaintiff did not file any exhibits or declarations in opposition to the present motion. Further, neither Plaintiff's operative pleading, nor his brief in opposition were signed under penalty of perjury such that they do not constitute an opposing affidavit for purposes of the summary judgment rule. *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985); F.R.C.P. 56(e).

party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record they wish the Court to consider.  *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).  The Court will not undertake to mine the record for triable issues of fact. *Id.*

**III.     The Second Amended Complaint**

The events at issue in this action against Defendants Mims and Johnson allegedly occurred at the Fresno County Jail, over the course of approximately twenty-seven (27) days, where Plaintiff was held while awaiting, and briefly subsequent to, trial on the petition of the District Attorney, pursuant to Welfare & Institutions Code § 6600, et seq. regarding Plaintiff's civil commitment as a Sexually Violent Predator ("SVP").

Plaintiff complains of the circumstances and cells in which he was housed at the Fresno County Jail.

**IV.     Qualified Immunity**

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "Qualified immunity is 'an

entitlement not to stand trial or face the other burdens of litigation.' " *Saucier v.Katz*, 533 U.S. 194, 200 (2001) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), overruled on other grounds by *Pearson v. Callahan*, ___ U.S. ___, 129 S.Ct. 808, 818 (2009)). In applying the two-part qualified immunity analysis, it must be determined whether, "taken in the light most favorable to [Plaintiff], Defendants' conduct amounted to a constitutional violation, and . . . whether or not the right was clearly established at the time of the violation." *McSherry v.City of Long Beach*, 560 F.3d 1125, 1129-30 (9th Cir.2009). The second prong asks whether the right was clearly established such that a reasonable officer in those circumstances would have thought her or his conduct violated the alleged right. *Saucier*, 533 U.S. at 201; *Inouye v. Kemna* 504 F.3d 705, 712 n.6 (9th Cir. 2007). These prongs need not be addressed by the Court in any particular order. *Pearson*, 129 S.Ct. at 818. "The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) *ref*. *Saucier*, 533 U.S. at 201-02.

"In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, purpose rather than knowledge is required to impose [] liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

It is the duty of supervisory prison personnel to implement a state policy where there is no clearly established law prohibiting its use. *Jeffers v. Gomez*, 267 F.3d 895, 916 (9th Cir. 2001). Further, Wardens [Assistant Wardens and thus also Sheriffs and Assistant Sheriffs] who comply with statewide housing practices, particularly those codified by state statue, have no affirmative duty to change the policy in the facility under their command. *Id.*

California Penal Code section 4002(b) states:

> Inmates who are held pending civil process under the sexually violent predator laws shall be held in administrative segregation. For purposes of this subdivision, administrative segregation means separate and secure housing that does not involve any deprivation of privileges other than what is necessary to protect the inmates and staff. Consistent with Section 1610, to the extent possible, the person shall continue in his or her course of treatment, if any. An alleged sexually violent predator held pending civil

>process may waive placement in secure housing by petitioning the court for a waiver. In order to grant the waiver, the court must find that the waiver is voluntary and intelligent, and that granting the waiver would not interfere with any treatment programming for the person requesting the waiver. A person granted a waiver shall be placed with inmates charged with similar offenses or with similar criminal histories, based on the objective criteria set forth in subdivision (a).

At all times in question herein, Defendant Mims was the Assistant Warden in charge of, and Defendant Johnson was a Lieutenant who oversaw inmate classification at, the Fresno County Jail. (Doc. 70-2, UMFs 2 and 3, pp. 2-3.) Defendants Mims and Johnson present evidence that, upon arrival at Fresno County Jail from Coalinga State Hospital (August 24, 2006) Plaintiff was initially held in administrative segregation isolation cell (*Id.*, UMF 21, p. 7); a jury found the petition of the District Attorney pursuant to Welfare & Institutions Code § 6600, et seq., to be true on September 5, 2006 (*Id.*, UMF 40, p. 11); on September 7, 2006, Plaintiff was moved to a two-man cell in administrative segregation and housed with a fellow SVP (*Id.*, UMF 42, p. 12); on September 11, 2006, Plaintiff and his cell-mate were moved, at first to another administrative segregation cell, and then to an area for civil detainees that had six bunk beds (*Id.*, UMFs 46-48, p. 13); Plaintiff was not housed with any person in the civil detainee area other than one fellow SVP (*Id.*, UMF 49, p. 13); on September 13, 2006, Plaintiff and his cell-mate were moved to a two-man administrative segregation cell because the six bunk bed area was needed to house other civil detainees who had no underlying housing concerns (*Id.*, UMFs 50-51, p. 14); and on September 20, 2006, Plaintiff was released from the Fresno County Jail and transported back to Coalinga State Hospital (*Id.*, UMF 57, p. 15). Plaintiff does not present any evidence to show that he petitioned a court for a waiver of his placement in secure housing.

Plaintiff was held in administrative segregation in the Fresno County Jail in accordance section 4002(b) of the California Penal Code. California Penal Code section 4002(b) is still in effect today, and Plaintiff presents no authority that any clearly established law has ever prohibited its use. Accordingly, Defendants Mims and Johnson are entitled to qualified immunity on Plaintiff's claim(s) that his housing at the Fresno County jail equated to unconstitutional punishment.

///

A.   **Penal Code section 1610**

Plaintiff complains that while he was housed at the Fresno County Jail, he was not provided treatment under Penal Code section 1610 (hereinafter "section 1610). (Doc. 46, 2nd Amd. Compl., pp. 3 and 5.) "[S]ection 1610 deals with those SVP's who have already been committed and are on outpatient status from that commitment. Further, the reference in subdivision (b) of section 1610 to a facility that can 'continue the person's program for treatment' contemplates that the committed SVP is already participating in a program of treatment. Thus, like Penal Code section 4002, section 1610 cannot reasonably be read to mandate pretrial treatment of alleged SVPs." *People v. Ciancio*, 109 Cal.App.4th 175, 196 (2003). Further, section 1610 does not contain any "language mandating pretrial psychiatric treatment for alleged SVP's." *Id.*

As discussed above, Defendants Mims and Johnson are under the duty to implement a state policy where there is no clearly established law prohibiting its use and are not obligated to change the policy in the facility under their command. *Jeffers*, 267 F.3d at 916. Plaintiff had no right to, and Defendants Mims and Johnson had no duty to provide Plaintiff, treatment under section 1610 during the time frame in question in this action. Defendants Mims and Johnson are entitled to qualified immunity regarding the issue of whether Plaintiff should have been provided treatment under section 1610 during his stay at the Fresno County Jail.

B.   **Law Library Access**

To the extent that Plaintiff may have intended to make a claim regarding his inability to access the law library during his stay at the Fresno County Jail[2] there is no constitutional right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Law libraries and legal assistance programs are only a means of ensuring access to the courts. *Id.* One claiming interference with or denial of access to the courts must show that he suffered an actual injury from loss of a legal claim. *Id.* at 351. The type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section

---

[2] Though no such claim is delineated in the Second Amended Complaint and no factual allegations therein even remotely imply such a claim was intended.

6

1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original). Plaintiff makes neither allegations, nor any other showing that he suffered actual injury from loss of one of the delineated legal claims. Thus, any such issue is only properly considered as an example of Plaintiff's housing condition that he felt equated to punishment. However, since, as previously discussed, Defendants are entitle to qualified immunity on Plaintiff's claims regarding his housing in the Fresno County Jail, any issue illustrative thereof must also fail.

**C.  Exercise**

Plaintiff alleges that during his approximately twenty-seven (27) day stay at the Fresno County Jail he did not receive any outdoor exercise and only received one hour of exercise in the Segregation Unit "Dayroom." (Doc. 46, 2nd Amd. Compl., pp. 3 and 5.) Defendants submit undisputed[3] evidence that Plaintiff's exercise time was posted on a window in the cell block and that Plaintiff did go to the gymnasium on September 18, 2006. (Doc. 70-2, UMFs 32 - 33, pp. 9-10.)

A temporary denial of outdoor exercise, without resultant medical effects does not equate to a substantial deprivation. *See May v. Baldwin*, 109 F.3d 557, 565 (1997) ("temporary (22 day) denial of outdoor exercise with no medical effects is not a substantial deprivation"). This notion has been well established in the Ninth Circuit for over ten years. Temporary denials of outdoor exercise must have adverse medical effects to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of effects. *See Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995) (alleged deprivation of being allowed 45 minutes of outdoor exercise per week for six weeks qualified as long term so as to obviate the requirement to show adverse medical effects).

At the most, there was a twenty-five (25) day period, from August 24, 2006 until September 18, 2006, in which Plaintiff did not go to the gymnasium. Plaintiff makes neither

---

[3] The only objection Plaintiff had to these undisputed statements of fact was that "the frequency with which he was provided the ability to exercise did not include any fresh air exposure." (Doc. 70-2, UMF 33, p. 10; Doc. 71, Plntf. Opp., 9:2-3.)

allegations, nor any showing that he suffered harm as a result of any such temporary lack of exercise such that any claim Plaintiff might be pursuing based purely on a lack of exercise during his stay at the Fresno County Jail does not amount to a violation of Plaintiff's constitutional rights. Accordingly, Defendants Mims and Johnson are entitled to summary judgment as a matter of law on Plaintiff's claim(s) regarding deprivation of exercise.

Further, Defendants are entitled to qualified immunity on any such claim, as the conduct of Defendants Mims and Johnson did not amount to a constitutional violation, and Plaintiff had no established right to regular exercise over a temporary time-frame (25 days) when any denial thereof did not cause him adverse medical effects.

### V.  Conclusion and Recommendation

Accordingly, this Court finds that Defendants Mims and Johnson are entitled to qualified immunity such that their motion for summary judgment should be granted.

As set forth herein, the Court HEREBY RECOMMENDS:

(1) that Defendants Mims and Johnson are entitled to qualified immunity such that their motion for summary judgment, filed February 5, 2010, should be granted; and

(2) that the Clerk of the Court be directed to enter judgment for the Defendants Mims and Johnson and against Plaintiff.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 30, 2010           /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE